UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| EVELYNN R. SIMMONS, ) | |
| ) | |
| ) | |
| Debtor. ) | |
| ) | Case No. 06-50913-7 |
| _____) | |

**ORDER AND OPINION**

      This matter came before the court on November 21, 2006 for a hearing on the Trustee's Objection to Debtor's Claim for Property Exemptions, Motion to Compel Debtor to Produce all Documents Relating to Personal Injury Settlement, and Motion to Determine that Attorneys' Fees Award are Property of the Estate, and the Debtor's Motion to Dismiss.  A. Carl Penney appeared for the Debtor Evelynn Simmons, Robert E. Price, Jr. appeared as Special Counsel to the Chapter 7 Trustee, Bruce Magers appeared as Chapter 7 Trustee, and Anita Kawaja appeared telephonically on behalf of Fleming & Associates.  After considering the Motions, the evidence, and the arguments of counsel, the court finds as follows:

1. Evelynn Simmons (the "Debtor") filed a Chapter 13 Voluntary Petition on July 7, 2006.

2. On August 22, 2006, the Debtor voluntarily converted her case to a Chapter 7 case.  The Chapter 7 Meeting of Creditors was held on September 15, 2006.

3. On August 8, 2006, the Debtor became entitled to funds pursuant to a settlement in a personal injury case.  Forty percent of the gross amount of the settlement was allocated as attorneys' fees to Fleming & Associates, the personal injury attorneys who negotiated the Debtor's settlement.  The Debtor listed the personal injury lawsuit on Schedule C of her petition and attempted to exempt the entire amount under N.C. Gen. Stat. § 1C-1601(a)(8).

4. On October 6, 2006, the Chapter 7 Trustee filed an objection to the Debtor's claim for property exemptions, arguing that the Debtor's settlement proceeds should be included in the bankruptcy estate.   At the same time, the Trustee filed a separate motion to compel the Debtor to produce all documents relating to her personal injury settlement.

5. On October 19, 2006, the Debtor moved to dismiss her Chapter 7 case, stating that the actions of the Trustee were delaying her receipt of her settlement proceeds, and that she was experiencing anxiety and stress over the pending bankruptcy litigation, thus aggravating her already weakened physical condition.

6. On October 31, 2006, the Trustee filed an objection to the Debtor's motion to dismiss her

Chapter 7 case. The next day, the Trustee filed a motion to determine that the attorneys' fees paid to Fleming & Associates are property of the bankruptcy estate. In that motion, the Trustee argued that the 40% contingency fee awarded to Fleming & Associates is unreasonable and should be lowered by this court.

7. On November 17, 2006, Fleming & Associates was granted leave to appear before this court, and filed a response in opposition to the Trustee's motion to determine that the attorneys' fees are part of the Debtor's bankruptcy estate.

8. Also on November 17, 2006, the Trustee withdrew his motion to compel the Debtor to produce her documents relating to the settlement of her personal injury lawsuit.

9. In his motion to determine that the attorneys' fees awarded to Fleming & Associates are part of the Debtor's bankruptcy estate, the Trustee asserts that the state of the law is unclear as to whether attorneys' fees may be exempted under N.C. Gen. Stat. § 1C-1601(a)(8). In fact, the law in the Fourth Circuit is quite clear. Although other districts and circuits may hold that such fees are not entitled to an exemption, *see, e.g.*, *In re Mulvihill*, 326 B.R. 459 (Bankr. D. Az. 2005), the Fourth Circuit has held that, under North Carolina's exemption statute, a debtor may exempt attorneys' fees in a personal injury case. *In re Brank*, 67 B.R. 1005, 1007 (Bankr. W.D.N.C. 1986), *aff'd by Sigmon v. Brank*, 826 F.2d 1060 (4th Cir. 1987). This court has followed the Fourth Circuit's holding. *In re Thompson*, 313 B.R. 683 (Bankr. M.D.N.C. 2004). Because *In re Brank* is directly on point as to this issue, the attorneys' fees paid to Fleming & Associates are exempt under N.C. Gen. Stat. § 1C-1601(a)(8), and there is no legal basis for the Trustee's motion to determine that the attorneys' fees are part of the estate.

10. Furthermore, the Trustee argues that the fee awarded to Fleming & Associates should be disallowed because it is unreasonable. Because the Trustee asserts that the Debtor's personal injury case was a class action lawsuit, he contends that a 33.33% fee would be appropriate. However, Fleming & Associates represented the Debtor for five years, represented thousands of other plaintiffs during that time with similar causes of action, filed individual opt-out forms and complaints for each plaintiff, held trials for dozens of plaintiffs similarly situated to the Debtor, and appealed many orders issued by the judge hearing the consolidated litigation transferred by the Judicial Panel for Multidistrict Litigation. Fleming & Associates has had many similar settlements reviewed for various reasons and the 40% contingency fee has not been found unreasonable by any other court. Furthermore, Fleming & Associates provided authority that, under Texas law, a 40% contingency fee for a personal injury case is reasonable. *Honeycutt v. Billingsley*, 992 S.W.2d 570 (Tex. App. 1999). Therefore, this court is unwilling to find that a 40% contingency fee for complex, multi-district, multi-plaintiff litigation is unreasonable.

11. Additionally, although the court does not need to decide this issue today, this court questions whether the Trustee has standing to raise an objection to the amount of attorneys' fees awarded to the Debtor's personal injury attorneys. If the court were to reduce the attorneys' fee to 33.33%, as requested by the Trustee, the additional monies would be remitted to the Debtor and not to the Trustee for inclusion in the Debtor's

bankruptcy estate. N.C. Gen. Stat. § 1C-1601(a) ("Each individual, resident of this State, who is a debtor is entitled to retain free of the enforcement of the claims of creditors: (8) Compensation for personal injury . . . ."). Therefore, the Trustee and the creditors would have no pecuniary interest. Although Chapter 7 Trustees are generally considered "parties in interest" and given standing to object to debtors' exemptions, Bankr. R. 4003(b), such treatment may not be appropriate when the only relationship that stands to be affected is that of the Debtor and the Debtor's non-bankruptcy attorneys, and neither the Trustee nor the creditors would be affected by the court's determination of the Trustee's objection.

12. Finally, the Trustee opposes the Debtor's motion to voluntarily dismiss her Chapter 7 proceeding, arguing that many hours of legal work have been put into the Debtor's case thus far and the Trustee remains to be the best person to administer payment to the Debtor's creditors. At the hearing, the Trustee argued that under § 707(a), a case may be dismissed only for cause, which is not present in Debtor's case. This court is unpersuaded by the Trustee's arguments. Although a Chapter 7 Debtor has no automatic right of dismissal, *see, e.g.*, *In re Turpen*, 244 B.R. 431, 434 (8th Cir. B.A.P. 2000), a debtor may obtain a voluntary dismissal upon a showing of cause and a demonstration of why dismissal is justified. *See, e.g.*, *In re Harker*, 181 B.R. 326, 328 (Bankr. E.D. Tenn. 1995). In her affidavit in support of dismissal, the Debtor states that she intends to pay all of her creditors from her settlement proceeds. Furthermore, the ongoing litigation before this court has prevented her from obtaining her settlement proceeds and caused her stress and anxiety, thus affecting her job and physical health. The Debtor has therefore made the requisite showing of cause, and her motion to dismiss her case may be granted.

13. On her petition, the Debtor listed a claim to Forsyth Medical Center in the amount of $1,758.38, which the Debtor asserts resulted from care received in connection with her personal injury claim. Therefore, under N.C. Gen. Stat. § 1C-1601(a)(8), the Debtor must repay Forsyth Medical Center in full.

For the above reasons, the Trustee's Objection to the Debtor's Claim for Property Exemptions is OVERRULED, the Trustee's Motion to Determine Attorneys' Fees Award is Property of Estate is DENIED, and the Debtor's Motion to Dismiss is GRANTED. Fleming & Associates is ordered to pay $1,758.38 out of the Debtor's settlement proceeds to A. Carl Penney so that he may remit payment on behalf of the Debtor to Forsyth Memorial Hospital. IT IS SO ORDERED.

## SERVICE LIST

**ALL PARTIES OF RECORD AS OF THE DATE OF THE ORDER SHALL BE SERVED BY THE BANKRUPTCY NOTICING CENTER**